FILED
10 SEP 17 PM 3:18
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ____________

GAUTHIER, HOUGHTALING & WILLIAMS
JAMES N. WILLIAMS
james@ghwlegal.com
INEMESIT U. O'BOYLE
inem@ghwlegal.com
35 N. Hullen Street
Metairie, LA 70002
Telephone: 504.456.8600
Facsimile: 504.456.8624

DAVILLIER LAW GROUP, LLC
DANIEL DAVILLIER
daniel@davillierlawgroup.com
1010 Common Street, Suite 2150
New Orleans, Louisiana 70112
Telephone: 504.582.6998
Facsimile: 504.582.6985

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
AMBER B. HOLLEY (SBN 227853)
aholley@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiff
NICOLE MURPHY

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

NICOLE MURPHY,

Plaintiff,

vs.

BANK OF AMERICA, a Delaware Corporation; MAXINE POTTER, an individual; TROY STRATOS, an individual; RICHARD HACK, an individual; STEVEN BEEDE, an individual; GREENBERG TRAURIG, a New York Limited Liability Company; and LESLIE ZIGEL, an individual,

Defendants.

CASE NO. CV10 6956 VBF (Ex)

**COMPLAINT FOR:**

**(1) VIOLATIONS OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

**(2) NEGLIGENCE**

**(3) NEGLIGENT HIRING OR SUPERVISION**

**(4) UNJUST ENRICHMENT**

**(5) LEGAL MALPRACTICE**

**(6) CONVERSION**

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**(7) FRAUD**

**(8) FRAUDULENT CONCEALMENT**

**DEMAND FOR JURY TRIAL**

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Nicole Murphy, who respectfully files this Complaint for Damages against Defendants, Bank of America, Maxine Potter, Troy Stratos, Richard Hack, Steven Beede, Greenberg Traurig and Leslie Zigel, upon representing as follows:

**THE PARTIES**

1. Plaintiff Nicole Murphy is a person of the full age of majority, and a resident of the City of Calabasas, County of Los Angeles, State of California.

2. Defendant Bank of America ("B of A") is a Delaware Corporation that has a principal place of business in the State of California and is duly authorized to and regularly conducts business in the County of Los Angles.

3. Defendant Maxine Potter ("Potter") is a person of the full age of majority, and a resident of the City of Fort Lauderdale, County of Broward, State of Florida and at all times material hereto was employed by defendant Bank of America.

4. Defendant Troy Stratos ("Stratos") is a person of the full age of majority, and a resident of the City of Fort Lauderdale, County of Broward, State of Florida.

5. Defendant Richard Hack ("Hack") is a person of the full age of majority, and a resident of the City of Wilton Manors, County of Broward, State of Florida.

6. Upon information and belief, at all material times hereto and continuing through the present, Bank of America, Maxine Potter, Troy Stratos, and Richard Hack transacted business in the County of Los Angeles, State of California, entered into contracts to supply services within the County and State, regularly solicited business within the County and State, derived substantial revenue from services rendered to citizens of the County and State and caused tortuous injury within the County and State by their acts and omissions.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

7. Defendant Stephen Beede is a person of the full age of majority, a resident of the City of Fair Oaks, County of Sacramento, State of California.

8. Defendant Greenberg Traurig, L.L.P. ("GT") is a limited liability partnership law firm organized under the laws of New York with offices in Albany, Amsterdam, Atlanta, Austin, Boston, Chicago, Delaware, Denver, Fort Lauderdale, Houston, Las Vegas, Los Angeles, Miami, New Jersey, New York, Orange County, Orlando, Palm Beach County North, Palm Beach County South, Philadelphia, Phoenix, Sacramento, Shanghai, Silicon Valley, Tallahassee, Tampa, Tokyo, Tyson's Corner, Washington, D.C., White Plains and Zurich, with "Strategic Alliances" in Berlin, Brussels, London, Milan and Rome.

9. Defendant Leslie Zigel is a person of the full age of majority, a resident of the City of Miami, County of Miami-Dade, State of Florida and at all material times hereto, was a shareholder in Defendant Greenberg Traurig, L.L.P.

**JURISDICTION AND VENUE**

10. The court has jurisdiction over the claims for relief arising under the Racketeer Influenced and Corrupt Organizations Act (RICO"), 18 U.S.C. § 1961, *et seq*. As a result, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction exists over the related state claims which arise from the same nucleus of operative facts giving rise to this dispute.

11. Venue in this district is proper in the United States District Court, Central District of California, pursuant to 28 U.S.C. § 1391 because (i) a substantial part of the events giving rise to the claims asserted herein occurred, and continue to occur, within this judicial district, and (ii) Defendants' tortious conduct was directed primarily against plaintiffs in Los Angles, California, where Plaintiff lived, and (iii) Defendants have, directly or indirectly, made use of the means or instrumentations of interstate commerce, of the mails, and of the wires in connection with the transactions, acts, practices and courses of business alleged in this Complaint.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

12. Plaintiff alleges claims under RICO, as well as under state law for declaratory judgment, legal malpractice, unjust enrichment, breach of fiduciary duty, fraud, negligence, negligent hiring/supervision, breach of contract, and conversion. Plaintiff seeks reimbursement of the unethical, excessive, illegal and fraudulent fees paid to the Defendants, jointly and in solido, plus compensation for all other damages sustained, including without limitation all monies lost as a result of the illegal, fraudulent activities, fees and costs she has incurred rectifying the fraud the defendants' perpetrated on Ms. Murphy and the mortgage companies, and any additional amounts, such as taxes, interest, and penalties, that have been and may be assessed against her, all of which damages must be trebled under RICO. Plaintiff also seeks all attorneys' fees and costs incurred in this matter available under RICO and certain state causes of action.

## FACTUAL BACKGROUND

13. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

14. The Defendants, (the "Enterprise," sometimes referred to individually as "Members of the Enterprise" or "Members") entered into various informal arrangements amongst themselves to market and promote sham investment opportunities to high net-worth individuals in order to embezzle funds and generate fees.

15. Stratos initiated contact with Ms. Murphy, as he and/or Hack have done with several other individuals of high net worth, with the purpose of defrauding her of large sums of cash. At various times throughout the scheme he enlisted the help of the other highly respected professional defendants in order to legitimize his scheme. The Enterprise worked together to convince the plaintiff of the legitimacy of the scheme and to conceal Stratos' illegal and fraudulent motives and/or actions.

16. Stratos, approached Plaintiff in 2006, offering to be her personal financial advisor, specifically he agreed to provide financial services and

consultation for management of plaintiff's money and investments. Instead of providing the legitimate services agreed to, Stratos embezzled funds through sham investments, fraudulent mortgages and other transactions.

17. Stratos, introduced Plaintiff to Maxine Potter of Bank of America. In order to gain unfettered access to plaintiff's funds, Stratos and defendant Maxine Potter opened and fraudulently maintained Granite TN Revocable Trust, Acct No. 003679007736. Under false pretenses, Plaintiff was persuaded to make Stratos a co-trustee on this account.

18. Stratos introduced Plaintiff to Richard Hack, a successful writer, whom plaintiff believed was assisting Stratos in managing her household finances. Hack helped Stratos to embezzle funds and communicated with other members of the enterprise in order to conceal Stratos' fraudulent motives and actions.

19. Stratos introduced Plaintiff to Stephen Beede, with whom Plaintiff entered into a representation agreement purportedly to assist in the legal aspects of the financial endeavors undertaken by Stratos and to counsel Plaintiff as to the legal consequences of entering into certain business endeavors – endeavors which Stratos, and other co-conspirators had themselves designed and developed for the illegal purpose of embezzling funds and generating exorbitant fees and payouts amongst the co-conspirators.

20. Stratos engaged Leslie Zigel, who represented Murphy but who, without plaintiff's knowledge, worked with Stratos to embezzle funds and fraudulently procure certain mortgages – ill advised mortgages which Stratos and other co-conspirators had themselves promoted for the illegal purpose of dividing the exorbitant fees and payouts amongst the co-conspirators.

21. At all times relevant to this complaint, the defendants Stephen Beede and Leslie Zigel served as attorneys for Plaintiff and delivered legal services for a fee.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

22. Among other actions performed in furtherance of the conspiracy, the defendants Stephen Beede and Leslie Zigel drafted and approved the issuance of "opinion letters" attesting to the lawfulness of said mortgages that Members of the Enterprise, including defendants named herein, knew were illegal and fraudulent.

23. Based on her reliance on the representations made by Stephen Beede and Leslie Zigel, Plaintiff engaged in the recommended transactions.

24. It was reasonable for Plaintiff to rely on the legal advice provided by Stephen Beede and Leslie Zigel.

25. The Enterprise charged fees for advice and services that the Defendants knew or should have known was improper and illegal. Defendants and other members of the Enterprise derived and divided kickbacks from those fees.

26. Members of the Enterprise, including Stratos, Potter, Beede and Zigel were biased by their own interests, pecuniary motive and gain. Further, the attorneys did not comply with applicable ethical rules. Their failure to disclose their conflict of interest, their roles in perpetrating the mortgage fraud at issue and the unreasonableness of their fees, and their concealment of facts from the plaintiff, their client were unethical and violated the duties they owed Plaintiff.

27. Upon information and belief, Bank of America and Maxine Potter performed numerous overrides on abovementioned account including but not limited to the disabling of the fraud detection feature of the account. Plaintiff was not alerted to the numerous, suspicious overrides or transactions which ultimately enabled the Enterprise to embezzle the plaintiff's funds.

28. Upon information and belief, Beede, and Zigel received fees from their participation in procuring the fraudulent mortgages, none of which was not disclosed to the Plaintiff.

29. Beede and Zigel had a significant pecuniary interest in inducing Plaintiff to enter into business agreements and fraudulent mortgages. These Defendants did not disclose to Plaintiff that their representation of her would be

materially limited and impaired by their own interests in the transactions in violation of the Rules of Professional Conduct.

30. Steven Beede's and Leslie Zigel's undertaking of the representation of Plaintiff violated their duty of care, honesty and loyalty owed by attorneys to their clients and impaired the exercise of their professional judgment in violation of the Florida and California rules of Professional Conduct.

31. Plaintiff did not discover or learn of their fraud until October of 2009, and could not reasonably have discovered before then, the breadth of the damages caused by the actions and negligence of Stratos, Bank of America, Potter, Hack, Beede, and Zigel due to the defendants' intentional and fraudulent concealment of material facts.

32. The Enterprise intentionally and knowingly made misrepresentations and intentionally and knowingly suppressed material facts from Plaintiff for the purpose of deceiving her and thereby obtaining financial gain. The Enterprise either knew, should have known, or recklessly disregarded that the misrepresentations and omissions described herein were material.

33. To date, Plaintiff has sustained the following types of damages: (a) fees paid to Beede and Zigel; (b) funds embezzled by Stratos; (c) fees incurred for the fraudulent mortgages; (d) lost opportunity cost; and (e) amounts paid to new financial and legal advisors in order to help extricate Plaintiff from the problems created by Defendants.

**FIRST CAUSE OF ACTION**

**(Civil Violations Of The Racketeer Influenced And Corrupt Organizations Act Against All Defendants)**

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35. Plaintiff is a "person" within the meaning of 18 U.S.C. § 1967(c).

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

36. At all times relevant hereto, Plaintiff and each Member of the Enterprise were "persons" within the meaning of 18 U.S.C. § 1961(3).

**THE RICO ENTERPRISE**

37. An enterprise need not be a specific legal entity but rather may be "any union or group of individuals associated in fact although not a legal entity."

38. The enterprise at issue in this case, for purposes of 18 U.S.C. §§ 1961(3) and 1962 (a), 1962(b), 1962(c) and 1962(d), is an association-in-fact of all unnamed co-conspirators and Defendants – "Members of the Enterprise" – collectively referred to herein as "the Enterprise." The wrongdoers that were part of the association-in-fact Enterprise include Defendants, banking institutions and law firms that issued the opinions, as well as those employees and agents of Members of the Enterprise and other non-defendant entities that participated in the unlawful and undisclosed fee sharing. In fact, at times throughout the years that the Enterprise conducted these schemes, the number of Members conspiring and colluding in the Enterprise fluctuated because the Enterprise would newly solicit some additional co-conspirators and discharge others, in order to continue the fraud.

39. Defendants also have an existence separate and distinct from the Enterprise.

40. Defendants maintained an interest in and control of the enterprise and also conducted or participated in the conduct of the enterprise's affairs through a pattern of racketeering activity.

41. Defendants' control and participation in the Enterprise were necessary for the successful operation of Defendants' scheme.

42. The Enterprise had an ascertainable structure separate and apart from the pattern of racketeering activity in which the Defendants engaged.

43. Defendants and all other Members of the Enterprise shared fees, costs, information, resources, and the fruits of its predicate acts. The association-in-fact Enterprise, composed of Defendants and other Members of the Enterprise, was

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

informal but had an ongoing relationship which functioned as a continuing unit, pursuing a course of conduct as set forth above, with a common or shared purpose and continuity of structure and personnel (including partners, associates and support staff).

44. Defendants and those employed by and/or associated with the Enterprise, which engaged in interstate commerce, have conducted the affairs of the Enterprise through a pattern of racketeering activity in violation of 18. U.S.C. §§ 1962(a) and (b), and have conspired to violate § 1962(c) in violation of § 1962(d) by pursuing and soliciting clients, designing, creating, engineering, implementing, promoting and/or selling and inducing the purchase of services which were designed to fraudulently induce Plaintiff into investing in fictional investments and procuring certain fraudulent mortgages, and by collecting exorbitant fees therefore.

45. Defendants have violated 18 U.S.C. § 1962(d), inasmuch as they knowingly, intentionally, and unlawfully, aided and abetted each other and the Enterprise and conspired to conduct and participate, directly or indirectly, in the conduct of the affairs of the Enterprise, through the pattern of racketeering activity described herein.

## THE SCHEME

46. As set forth hereinabove, for a substantial period of time, Members of the Enterprise knowingly, intentionally and directly participated in, or aided and abetted, counseled, commanded, induced, procured or caused and conspired in the pursuit of and solicitation of an eventual inducement of clients for the purpose of obtaining exorbitant fees which were shared amongst the co-conspirator members of the Enterprise.

47. The particulars of the scheme as set forth above were achieved by means of false or fraudulent representations or promises and through the use of the mails and/or wires.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**PREDICATE ACTS**

48. With respect to the activities alleged herein, the Enterprise acted at all times with malice toward the Plaintiff, with the intent to engage in the conduct complained of for the monetary benefit of Defendants and other Members of the Enterprise. Such conduct was done with actionable wantonness and reckless disregard for the rights of the Plaintiff. The predicate acts were acts of deception which furthered the goal of soliciting clients to buy into Stratos scheme, in which the Enterprise knew or should have known was fraudulent and illegal.

49. With respect to the overt acts and activities alleged herein, Members of the Enterprise conspired with other co-conspirator Member to violate 18 U.S.C. §§ 1962 (a), (b) and (c), all in violation of 18 U.S.C. § 1962(d). In violation of § 1962 (c), Members of the Enterprise agreed and conspired with other Members to: a) pursuant to § 1962 (a), invest fees paid by Plaintiff into pursuing and soliciting other clients, inducing and causing other individuals and business entities to pay for the legal advice at issue; and b) pursuant to § 1962(b), acquire or maintain property interests to which the Enterprise was not entitled through racketeering activity which included charging and sharing exorbitant fees for business and mortgage planning strategies it knew or should have known was fraudulent and illegal.

50. The Enterprise knew, should have known, and was in the best position to know that these strategies were potentially illegal and/or abusive and yet continued to advise plaintiff and charge the exorbitant fees anyway.

51. The Enterprise's schemes have resulted in severe financial losses to the Plaintiff. Moreover, as a result of the Enterprises wire fraud and mail fraud violations, Plaintiff has suffered extensive monetary damages consisting of unexpected mortgage payments, fees and commissions paid to the Enterprise, as well as interest and penalties demanded by various creditors. Plaintiff has also suffered additional damages, including but not limited to opportunity costs, additional legal, and accountant fees and reputation damage.

52. The Enterprise's documents and communications associated with the schemes at issue contained false and/or misleading representations.

53. These misrepresentations constitute "false or fraudulent pretenses, representations or promises" within the meaning of the mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) provisions.

54. All of the Members of the enterprise actively participated in this elaborate and abusive scheme to obtain money from Plaintiff.

55. The numerous predicate acts of mail and wire fraud described herein are part of separate fraudulent transactions by the Enterprise designed to defraud the Plaintiff of money and property interests under false pretenses. As the victim of these unlawful patterns of illegal behavior, Plaintiff has continued to suffer losses.

56. In carrying out the overt acts and fraudulent transactions described herein, the Enterprise engaged in conduct in violation of various state and federal laws and regulations, including but not limited to 18 U.S.C. §§ 1341, 1343, 1346 and 1961 *et seq*.

57. 18 U.S.C. § 1961 (1) provides that "racketeering activity means any act indictable under any of the following provisions of Title 18, United States Code: § 1341 (relating to mail fraud), § 1343 (relating to wire fraud), and § 1346 (relating to scheme or artifice to defraud).

58. For the purpose of executing and/or attempting to execute its transaction to defraud and obtain money by means of false pretenses, representations or promises, the Enterprise, in violation of 18 U.S.C. § 1343, transmitted and received by wire, matter and things therefrom, including but not limited to contracts, correspondence, opinion letters, invoices and other things.

59. The Enterprise's use of the mails and wires includes private and public components.

60. The Members of the Enterprise utilized the U.S. Mail and wire to communicate among themselves, as well as with their co-conspirators and clients.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Defendants lived and worked in the States of Florida and California and participated in this scheme from there. In order to carry out and implement its scheme, the Enterprise necessarily had to communicate using the interstate mails and wires.

61. In those matters and things sent or delivered by the Postal Service, by wire and through other interstate electronic media, the Enterprise falsely and fraudulently misrepresented and fraudulently suppressed material facts from Plaintiff, in violation of 18 U.S.C. §§ 1341 and 1343.

**PATTERN OF RACKETEERING ACTIVITY**

62. The violations set forth herein constitute "racketeering activities" or "predicate acts" within the meaning of 18 U.S.C. § 1961 (1).

63. The Enterprise has engaged in a "pattern of racketeering activity," as defined in § 1961 of RICO, by committing and/or conspiring to commit or aiding and abetting a transaction with at least two such acts of racketeering activity, as described specifically herein, within the past ten years. In fact, upon information and belief, each of the Members of the Enterprise and its co-conspirators have committed several acts of racketeering activity. Each act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting similar victims, including Plaintiff herein.

64. The Enterprise's racketeering activities or predicate acts are related and also amount to a continuous criminal activity.

65. These predicate acts are related in the sense that they have the same purpose (to carry out the scheme described herein); result (to obtain money); victims (such as Plaintiff herein); method of commission (the scheme described herein); and are otherwise interrelated by distinguishing characteristics and are not isolated events, because they were carried out for the same purpose.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**SECOND CAUSE OF ACTION**

**(Negligence**

**Against Defendants B of A and GT)**

66. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

67. Defendants, Bank of America and Greenberg Traurig, L.L.P. breached their duties to act with reasonable care in the prevention of detectable fraudulent activities.

68. On information and belief, Bank of America's and Greenberg Traurig internal fraud controls were intentionally disabled, ignored or inadequate to detect activity that other banking institutions and law firms would have detected as fraudulent.

69. As a result of Bank of America and Greenberg Traurig, L.L.P's negligence, plaintiff suffered extensive financial losses due to fraudulent transfers, embezzlement and other activities that were unknown to her and should have been suspected by Defendants.

70. The actions and omissions of Defendant were negligent.

71. Plaintiff was harmed, and suffered injury as described above.

72. The negligence of Defendant was a substantial factor in causing Plaintiff this harm and injury.

73. As a result of Defendants' negligence, Plaintiff has actual, compensatory, and incidental damages that are to be determined at the time of trial.

**THIRD CAUSE OF ACTION**

**(Negligent Hiring or Supervision**

**Against Defendants B of A and GT)**

74. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

75. On information and belief, Maxine Potter, who at all times material hereto was employed by Defendant Bank of America, used her position at Bank of America to conspire with Stratos to defraud Ms. Murphy.

76. Leslie Ziegel, who at all times material hereto was employed by Defendant Greenberg Traurig, L.L.P., used his position at Greenberg and the status of his law firm to defraud and embezzle funds from Ms. Murphy.

77. Defendants Bank of America and Greenberg Traurig knew or should have known, had they appropriately supervised their employees, facts which would warn a reasonable person that their employee presented an undue risk of harm to their customers.

78. As a result of Defendants' negligence, Plaintiff has actual, compensatory, and incidental damages that are to be determined at the time of trial.

## FOURTH CAUSE OF ACTION

**(Unjust Enrichment**

**Against all Defendants)**

79. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

80. The Plaintiff was pursued, solicited and enticed to enter into a fraudulent business relationship with Stratos, fraudulent mortgages and other business and legal transactions that were engineered, implemented, and/or promoted by the member of the Enterprise and as a result she has paid fees to Defendants and other Members of the Enterprise.

81. The payment of fees to Defendants enriched Defendants and was to the detriment of Plaintiff.

82. Due to the foregoing lack of consideration, the individual members of the Enterprise have been unjustly enriched and all fees paid to the Enterprise, including but not limited to fees paid to Defendants, should be returned to Plaintiff.

83. Furthermore, plaintiff seeks reimbursement of all the funds embezzled through sham investments, fraudulent mortgages and other transactions that were undertaken by and directly enriched Stratos, Hack, Ziegel and indirectly enriched the others Members of the Enterprise.

84. Plaintiff also seeks a judgment declaring each Defendant liable jointly and in solido with all unnamed co-conspirators for all damages sustained.

85. Finally, Plaintiff seeks an award of costs and reasonable and necessary attorneys' fees as are equitable and just.

**FIFTH CAUSE OF ACTION**

**(Legal Malpractice**

**Against Defendants Beede, Ziegel, and GT)**

86. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

87. In order to recover for legal malpractice under California law, Plaintiff must prove that the Defendant breached the duty to use the same skill, prudence, and diligence as members of his or her profession commonly possess and exercise and that the attorney's breach of that duty caused actual loss or damage.

88. Defendants Leslie Ziegel and Steven Beede acted as Plaintiff's attorneys. They owed Plaintiff a duty to represent her with such reasonable skill, care and diligence as members of the legal profession commonly possess and exercise in similar situations.

89. Throughout their engagements, in the instant transaction, the Defendants represented that they had a high level of experience in providing legal services and advice and that they were competent to perform all the necessary services for Plaintiff and others in compliance with the applicable professional standards and the reasonable skill, care and diligence that members of the legal profession commonly possess and exercise in similar situations.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

90. At all times, Plaintiff relied on the Defendants to perform all of their material obligations with the requisite skill, expertise and integrity that one would expect from such prominent law firms.

91. At all relevant times, the Defendants owed a duty to Plaintiff to exercise due care while performing services and functioning as Plaintiff's attorneys.

92. At all relevant times, the Defendants owed a duty to Plaintiff to operate without conflicts of interests between their other clients and/or their own pecuniary interests. At the very least, such a conflict should have been disclosed to Plaintiff and was not.

93. The Defendants failed to adopt or implement adequate controls to protect their clients from wrongdoing and negligence by their employees.

94. The services the Defendants provided to Plaintiff were deficient, inadequate and not competent, and were not subject to the appropriate supervisory controls. These Defendants fell below the standard of care exercised by lawyers engaged to provide legal advice.

95. Due to the Defendants' breach of their duties and professional negligence, Plaintiff has suffered and will continue to suffer substantial monetary damages, including but not limited to (a) fees paid to defendants; (b) funds embezzled by Stratos; (c) fees incurred for the fraudulent mortgages; (d) lost opportunity cost; and (e) amounts paid to new financial and legal advisors in order to help extricate Plaintiff from the problems created by Defendants.

**SIXTH CAUSE OF ACTION**

**(Conversion**

**Against Defendants Stratos, Hack & Ziegel )**

96. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

97. Plaintiff deposited approximately $11 million in cash into Granite TN Revocable Trust, Acct No. 003679007736 and specifically charged her then financial advisor, Stratos, with managing and investing the money.

98. On information and belief, Defendants Stratos, Hack, and Ziegel received funds from the trust fund in furtherance of the Enterprise and diverted said funds to their own use.

99. Defendants' conversion of funds belonging to Plaintiff was done for the express purpose of enhancing their economic position to the detriment of Plaintiff.

100. The Defendants, intentionally and knowingly made misrepresentations and intentionally and knowingly suppressed material facts from Plaintiff for the purpose of deceiving her and thereby obtaining financial gain.

101. As a result of the conversion of funds by the Defendants, the Plaintiff suffered damages in an amount to be determined at trial.

102. The conduct was malicious, oppressive and undertaken in conscious disregard of the rights and probable consequences to Plaintiff.

103. Plaintiff therefore seeks an award of punitive damages to punish and make an example of Defendants and to deter similar conduct in the future by Defendants and others.

## SEVENTH CAUSE OF ACTION

**(Fraud**

**Against all Defendants)**

104. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

105. The Members of the Enterprise made false and misleading statements in violation of the laws of the United States and the State of California as set forth herein.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

106. The Members of the Enterprise made misrepresentations to the Plaintiff herein for the purpose of inducing Plaintiff to participate in its schemes to embezzle and/or pay the Defendants enormous sums of money.

107. In order to induce the Plaintiff to pay it fees, the Members of the Enterprise made numerous intentional omissions of material facts to Plaintiff, including but not limited those acts and/or omissions set forth above.

108. The above intentional omissions of material fact and/or affirmative representations made by the Members of the Enterprise were false when made and the Members knew or should have known these representations to be false when made with the intention that plaintiff rely on them in deciding whether or not to take the advice of the Enterprise and thereby pay it fees. In addition, the above affirmative misrepresentations and/or intentional omissions of material fact were made knowingly by the Enterprise with the intent to induce Plaintiff to enter into the abusive mortgages and allowed for the embezzlement scheme.

109. But for the Enterprise's intentional misrepresentations and material omissions described herein, Plaintiff would never have entered into the mortgages at issue or continue to engage in a business relationship with Stratos.

110. As a result of the Enterprise's conduct set forth herein, Plaintiff has suffered injury in that (a) fees paid to Beede and Zigel; (b) funds embezzled by Stratos; (c) fees incurred for the fraudulent mortgages; (d) lost opportunity cost; (e) amounts paid to new financial and legal advisors in order to help extricate Plaintiff from the problems created by Defendants; and (f) has incurred reputation damage.

111. As a direct and proximate result of the conduct of Defendants, Plaintiff has also suffered and continues to suffer humiliation, severe emotional distress, mental pain and special damages in a sum within the jurisdiction of this court.

112. As a proximate cause of the foregoing, Plaintiff has been injured in an actual amount to be proven at trial, and should be awarded damages in accordance with the evidence, plus attorneys' fees and costs.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**EIGHTH CAUSE OF ACTION**

**(Fraudulent Concealment**

**Against all Defendants)**

113. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

114. During the time, Stratos and the Plaintiff were in business relationship, Startos failed to disclose important facts to the Plaintiff. These facts include but are not limited to the numerous transactions and business endeavors in which Stratos engaged in using funds from the Plaintiff's trust account.

115. Upon information and belief, Stratos failed to disclose these facts with the intent to deceive the Plaintiff.

116. Stratos and the Defendants also actively concealed important and material facts, as illustrated in the preceding paragraphs, with the intent to deceive the Plaintiff.

117. As a result Stratos' and the other Defendants' fraudulent conduct, the Plaintiff was unaware of the concealed facts and reasonably relied on Stratos' and the other Defendants deception by, among other things, executing documents and for the illegal and fraudulent account, mortgages and other transactions.

118. As a result of the suppression or concealment by Stratos and the other Defendants, the Plaintiff was prevented from discovering facts that revealed the frauds committed by the defendants.

119. As a result of the suppression or concealment by Stratos and the other Defendants, the Plaintiff suffered damages in an amount to be determined at trial.

120. Plaintiff hereby requests trial by jury on all causes of action alleged herein.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that, after all due proceedings, the Court enter judgment:

a. As to the RICO claim, a judgment in favor of Plaintiff and against each Defendant jointly and severally and in solido with all unnamed co-conspirators, for actual damages in an amount to be proven at trial, plus treble damages, attorneys' fees, interest and costs;

b. imposing restitution by the Defendants to Plaintiff of the amount of the fees paid unjustly to Defendants by Plaintiff;

c. ordering the Defendants to forfeit and disgorge their fees in an amount to be proven at trial;

d. declaring that Defendants are liable to Plaintiff for such damages that have been incurred as a result of the scheme set forth herein;

e. awarding costs, expenses and reasonable attorneys fees in favor of Plaintiff and against Defendants to the fullest extent authorized by law; and

f. granting such other and further relief which the Court deems necessary and proper at law and in equity.

DATED: September 17, 2010

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: ______________________________
Amber B. Holley
Attorneys for Plaintiff NICOLE MURPHY

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## DEMAND FOR JURY TRIAL

Plaintiff Nicole Murphy hereby demands trial by jury on all causes of action triable by jury.

DATED: September 17, 2010

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: [signature]
Amber B. Holley
Attorneys for Plaintiff NICOLE MURPHY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
STATE OF CALIFORNIA

| | | |
|---|---|---|
| NICOLE MURPHY | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION: " " |
| | * | |
| BANK OF AMERICA, | * | |
| MAXINE POTTER, TROY STRATOS | * | MAGISTRATE |
| RICHARD HACK, STEVEN BEEDE | * | |
| GREENBERG TRAURIG, AND | * | |
| LESLIE ZIGEL | * | |
| | * | |

*******************************************************************************

**VERIFICATION**

COUNTY OF MANHATTAN

STATE OF ~~CALIFORNIA~~ NEW YORK

BEFORE ME, the undersigned Notary Public and two competent witnesses, personally came and appeared NICOLE MURPHY, who did state, after being duly sworn that she has read the foregoing complaint in this matter and all facts contained therein are true and correct to the best of her knowledge.

Witness

NICOLE MURPHY

Witness

Sworn to and subscribed before me on this 7TH day of JULY, 2010.

NOTARY PUBLIC

JULIAN VASQUEZ
Notary Public, State of New York
No. 01VA6068140
Qualified in Queens County
Commission Expires 05/22/2014